United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   TIMOTHY DOYLE YOUNG,            )   No. C 12-5154 SBA (pr)
                                   )
10                 Petitioner,      )   **ORDER OF TRANSFER**
    v.                             )
11                                 )
    UNITED STATES OF AMERICA,      )
12                                 )
                   Respondent.      )
13  _____ )

14

15        This case was opened when Petitioner, who is incarcerated at the United States

16  Penitentiary (USP) in Florence, Colorado, filed a document entitled, "Habeas Corpus."

17  Petitioner has also filed an application to proceed in forma pauperis (IFP).

18        Petitioner's various claims against employees of the USP, however, are about the

19  conditions of his confinement rather than the fact of his confinement or the length of it.

20  The Court construes Petitioner's claims as arising under Bivens v. Six Unknown Named

21  Agents, 403 U.S. 388 (1971).  To state a private cause of action under Bivens, and its

22  progeny, a plaintiff must allege:  (1) that a right secured by the Constitution of the United

23  States was violated, and (2) that the alleged deprivation was committed by a federal actor.

24  Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (§ 1983 and Bivens actions are

25  identical save for the replacement of a state actor under § 1983 by a federal actor under

26  Bivens).

27        All of the events or omissions giving rise to Petitioner's claims occurred in

28  Florence, Colorado, which lies within the venue of the District of Colorado.  Defendants

**United States District Court**
For the Northern District of California

1    also reside within the District of Colorado.  Venue, therefore, properly lies in that district.

2    See 28 U.S.C. § 1391(b).  When jurisdiction is not founded solely on diversity, venue is

3    proper in the district in which (1) any defendant resides, if all of the defendants reside in

4    the same state, (2) the district in which a substantial part of the events or omissions giving

5    rise to the claim occurred, or a substantial part of property that is the subject of the action

6    is situated, or (3) a judicial district in which any defendant may be found, if there is no

7    district in which the action may otherwise be brought.  Id.  Where a case is filed in the

8    wrong venue, the district court has the discretion either to dismiss the case or transfer it to

9    the proper federal court "in the interest of justice."  28 U.S.C. § 1406(a).  Venue may be

10   raised by the court sua sponte where the defendant has not yet filed a responsive pleading

11   and the time for doing so has not run.  Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir.

12   1986).

13        Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this

14   action is transferred to the United States District Court for the District of Colorado.  The

15   Clerk of the Court shall transfer the case forthwith.

16        In view of the transfer, the Court will not rule upon Petitioner's request for leave to

17   proceed IFP.  Because it has construed this case as a civil rights action, the Court directs

18   the Clerk to re-code this case under the following nature of suit: "555 Prisoner: Prison

19   Condition."

20        IT IS SO ORDERED.

21

22   DATED: 6/6/13                                        _____
                                                          SAUNDRA BROWN ARMSTRONG
23                                                        United States District Judge

24

25

26

27

28

G:\PRO-SE\SBA\CR.12\Young v US 12-5154Transf.wpd            2

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3

4  TIMOTHY DOYLE YOUNG,
                                            Case Number: CV12-05154 SBA
5          Plaintiff,
                                            **CERTIFICATE OF SERVICE**
6      v.

7  USA et al,

8          Defendant.
                                        /

9

10 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
   Court, Northern District of California.

11 That on June 6, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
12 said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
   receptacle located in the Clerk's office.

13

14

15 Timothy Doyle Young #:Reg. No. 6001
   U.S. Penitentiary - Max - ADX
16 P.O. Box 8500
   Florence, CO 81226-8500

17
   Dated: June 6, 2013
18
                                        Richard W. Wieking, Clerk
                                        By: Lisa Clark, Deputy Clerk
19

20

21

22

23

24

25

26

27

28 G:\PRO-SE\SBA\CR.12\Young v US 12-5154Transf.wpd        3